# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENTLIN HOPKINS, | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | C.A.No. 08-51Erie |
| | ) | |
| CFSI TRUDEN, et al. | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MEMORANDUM OPINION[1]

On February 14, 2008, Plaintiff, a prisoner at the State Correctional Institution at Forest ("SCI Forest"), filed the instant action *pro se.* Plaintiff has named CFSI Truden, J. Sawtelle, E. Wojcik, Mr. Heberling, K. Granlund, and Laura Benta, all employees of the Pennsylvania Department of Corrections, as Defendants.

In his complaint, Plaintiff alleges:

> CFSI P.J. Truden gave me a direct order to be pat searched by him; his pat search was overly aggressive and intrusive enough to make me shy away. SCI Forest placed me in RHU status, Laura Benta, J. Sawtelle, E. Wojcik, and K. Granlund continue to hold me in RHU status and by way of action such as deny me hygiene activity, withhold meals and in constantly threatening to write a misconduct report in order to hold me at RHU status. I am in constant fear of my life.

Document # 1-2. Plaintiff claims that this conduct began on January 19, 2008. Id.

Defendants have filed a motion to dismiss, along with supporting documentation.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. Documents ## 3 and 19.

Document # 15.  Despite being given the opportunity to do so, Plaintiff has not filed a brief in opposition to the pending dispositive motion.  The issues are ripe for disposition by this Court.

## A.    Standards of Review

### 1.    *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2.    Motion to dismiss pursuant to 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a

claim for relief which contains a short and plain statement of the claim showing that the pleader

is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure

12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded

allegations of the complaint must be accepted as true.  Erickson v. Pardus, 551 U.S. 89, ___ 127

S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S.

97 (1976).   The issue is not whether the plaintiff will prevail at the end but only whether he

should be entitled to offer evidence to support his claim.  Neitzke; Scheuer v. Rhodes, 419 U.S.

232 (1974).   As the United States Supreme Court recently held in Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to

Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its

face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v.

Gibson, 355 U.S. 41 (1957)).  The court must accept as true all allegations of the complaint and

all reasonable factual inferences must be viewed in the light most favorable to plaintiff.

Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  The Court,

however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as

set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394

F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d

Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations.

Twombly, 550 U.S. at ___, 127 S. Ct. at 1965, citing Papasan v. Allain, 478 U.S.  265, 286

(1986).  "Factual allegations must be enough to raise a right to relief above the speculative

level." Twombly, 550 U.S. at ___, 127 S.Ct. at 1965.  Although the United States Supreme

Court does "not require heightened fact pleading of specifics, [the Court does require] enough

facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at ___, 127 S.Ct. at 1965 n.3.

### 3.     Motion for summary judgment

Defendants have submitted evidence in support of their motion to dismiss. Therefore, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when

4

a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to

his claim.  Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under

applicable law.  Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).  Although the court

must resolve any doubts as to the existence of genuine issues of fact against the party moving

for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely

upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark,

N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  Summary judgment is only precluded if the

dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury

could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.

## B.      The Prison Litigation Reform Act

### 1.      The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of
> this title ... by a prisoner confined in any jail, prisons, or other correctional
> facility until such administrative remedies as are available are exhausted.

Id.

The requirement that an inmate exhaust administrative remedies applies to all inmate

suits regarding prison life, including those that involve general circumstances as well as

particular episodes.  Porter v. Nussle, 534 U.S. 516 (2002).  See also Concepcion v. Morton,

306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement).  Administrative

exhaustion must be completed prior to the filing of an action.  McCarthy v. Madigan, 503 U.S.

140, 144 (1992).  Federal courts are barred from hearing a claim if a plaintiff has failed to

6

exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[1] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Woodford, 548 U.S. at 83. See also Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

---

[1] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that §1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.")

A plaintiff need not affirmatively plead exhaustion. Jones v. Bock, 549 U.S. 199, ____, 127 S.Ct. 910, 921 (Jan. 22, 2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). Instead, it is the burden of a defendant asserting the defense to plead and prove it. Id.

### 2.      The Administrative Process Available to State Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, ___ U.S. ____, 127 S.Ct. at 922-23.

The DC-ADM 804 grievance system, available to state prisoners, consists of three separate stages. First, the prisoner is required to timely submit a written grievance for review by the facility manager or the regional grievance coordinator within fifteen days of the incident, who responds in writing within ten business days. Second, the inmate must timely submit a written appeal to intermediate review within ten working days, and again the inmate receives a written response within ten working days. Finally, the inmate must submit a timely appeal to the Central Office Review Committee within fifteen working days, and the inmate will receive a

final determination in writing within thirty days. See Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 1997), aff'd. 532 U.S. 731 (2001).

### 3. Analysis

Defendants argue that this case should be dismissed because Plaintiff has failed to exhaust his administrative remedies related to the events outlined in the complaint. In support of their motion to dismiss, Defendants have provided evidence that Plaintiff has not filed any administrative remedies as to his confinement in the Restricted Housing Unit. Document # 15-2, Declaration of Superintendent's Assistant Christina Kennedy. Further, while Plaintiff has filed a grievance (number 215385) relating to the pat search by Defendant Truden, he has not appealed this grievance, either to the Superintendent or to final review at the Central Office.

Accordingly, Plaintiff has not exhausted his administrative remedies in accordance with the PLRA and therefore, the motion for summary judgment should be granted.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENTLIN HOPKINS,** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **C.A.No. 08-51Erie** |
| | ) | |
| **CFSI TRUDEN, et al.** | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |

**O R D E R**

AND NOW, this 11th day of March, 2009;

IT IS HEREBY ORDERED that Defendants' motion to dismiss [Document # 15] is

GRANTED.    The Clerk of Courts is directed to close this case.


S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge